UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CALVIN THOMAS,** | ) | Case No. 1:05-CV-02138 |
| | ) | |
| Plaintiff, | ) | JUDGE O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | |
| **THISTLEDOWN, INC.,** *et al.*, | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

Before the Court is Plaintiff Calvin Thomas' *Motion for Relief of Judgment* (Doc. 25), in which he requests that this Court set aside the April 13, 2006 dismissal with prejudice of *Thomas v. Thistledown* (Doc. 22 ). Plaintiff contends that his former attorneys' actions amounted to gross negligence, mistake, and/or abandonment of his legal rights and, therefore, that the judgment should be set aside pursuant to Federal Rules of Civil Procedure 60(b)(1) and/or 60(b)(5).[1]  For the reasons stated herein, Plaintiff's motion is **DENIED.**

**I.    BACKGROUND**

Plaintiff filed a complaint on September 8, 2005, alleging race discrimination and retaliation against Defendants Thistledown, Inc. ("Thistledown"), William Murphy, and John Durastanti. (Doc.

---

[1] Plaintiff's brief purports to request relief under Federal Rule of Civil Procedure 60(b)(5). Rule 60(b)(5), however, applies when a final judgment or order has been discharged, satisfied, or it is no longer equitable that the judgment should have prospective application. No related argument appears in Plaintiff's brief. Rather, Plaintiff's single-paragraph argument addressing Rule 60(b)(5), asserts that exceptional or extraordinary circumstances exist, and targets previous counsel's alleged "gross neglect and abandonment" of Plaintiff. The Court, therefore, believes that Plaintiff meant to invoke Rule 60(b)(6) and analyzes the motion under that subsection.

1). On March 24, 2006, after the parties had undergone some discovery, Defendants jointly filed their *Motion for Summary Judgment* (Doc. 21). On April 13, 2006, before Plaintiff was required to respond to Defendants' motion for summary judgment, the parties met for a settlement conference with the late, Honorable Judge John M. Manos. According to the record, Judge Manos met with the parties and their representatives individually, and, once an agreement was reached, reconvened with the parties' representatives to finalize the agreement. As a result of the settlement conference, counsel for both parties signed a stipulated entry of settlement and dismissal with prejudice. Judge Manos signed the entry into an Order, dismissed the action with prejudice, and agreed to retain jurisdiction over the settlement agreement. (Doc. 22).

On June 22, 2006, Plaintiff, through new counsel Caryn Groedel,[2] filed a *Motion for Relief from Judgment and Request for Hearing* (Doc. 25). On October 27, 2006, the Court held a hearing on Plaintiff's motion. During the hearing, Plaintiff's new counsel called three witnesses (Plaintiff, Plaintiff's brother, and Plaintiff's sister) and rested. Plaintiff's former counsel, Avery Friedman, called Sarah Moore, his former co-counsel on the matter. The Court adjourned the hearing when, during her cross-examination, Ms. Moore requested the assistance of counsel in response to certain ethical attacks upon her by Ms. Groedel.[3] Though the Court initially indicated that it intended to reconvene to complete the hearing, it has determined that it is unnecessary to do so. An examination of the record shows that Plaintiff, who completed his presentation of evidence at the hearing, failed

---

[2] Plaintiff was represented in the initial action by both Avery Friedman and Sarah Moore.

[3] Most pointedly, Ms. Groedel asserted that, because Ms. Moore was being paid by the hour, she had no interest in assuring that her client received a fair settlement. Amazingly, Ms. Groedel implied that *only* contingent fee attorneys can be trusted to fulfill their ethical obligation to advocate for a plaintiff's best interest in settlement negotiations because they have a personal stake in the outcome.

to meet the requirements for relief under Federal Rules of Civil Procedure 60(b)(1) or 60(b)(6).

**II.    DISCUSSION**

Plaintiff requests that the judgment be set aside pursuant to Fed. R. Civ. P. 60(b)(1) or 60(b)(6). At the outset, the Court notes that relief under Rule 60(b) "is circumscribed by public policy favoring finality of judgments and termination of litigation." Green v. BP Prod., Inc., 169 Fed. Appx. 951, 960 (6th Cir. 2006) (citing Waifersong, Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992)). This is particularly true in an application of subsection six of Rule 60(b), which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989). This is because "almost every conceivable ground for relief is covered" under the other subsections of Rule 60(b). Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001) (citations omitted). Consequently, courts apply Rule 60(b)(6) relief only in "unusual and extreme situations where principles of equity mandate relief." Id. As such, courts will favor the final judgment in a case and do not rush to overturn a settlement without good reason to do so.

**A.    Fed. R. Civ. P. 60(b)(1)**

Plaintiff argues that the judgment should be set aside pursuant to Rule 60(b)(1) because of surprise or mistake. Without citing any authority, in a single paragraph of argument, Plaintiff contends that relief should be granted because "Plaintiff [wa]s completely surprised that this case was dismissed with prejudice without his knowledge or consent" and/or "Plaintiff's former attorneys must have mistakenly dismissed the case without prejudice [sic], because Plaintiff never knew about it or consented to it." (Motion for Relief, at 3.)

3

The Sixth Circuit has identified two situations in which relief under Rule 60(b)(1) is appropriate: "(1) when the party has made an excusable litigation mistake or an attorney in litigation acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." Cacevic v. City of Hazel Park, 226 F.3d 483, 490 (6th Cir. 2000). The second situation does not apply here because Plaintiff has not suggested that Judge Manos made a mistake. Plaintiff's arguments, however, can be read to assert that either his attorneys made an excusable litigation mistake by agreeing to dismissal with prejudice, or that they acted without his authority when dismissing his case. The Court will address each of these arguments in turn.

### (1) The Agreement to Dismiss the Case With Prejudice Was Not an Excusable Litigation Mistake.

The Supreme Court has held that the inquiry into a party's mistake is not limited to the excusable neglect of the client, but may include the neglect of the party's attorney. Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship., 507 U.S. 380 (1993). On this point, Plaintiff argues that his former attorneys made a mistake by dismissing the case with prejudice. Cacevic, however, makes it clear that to succeed under Rule 60(b)(1), the mistake must constitute excusable neglect. Cacevic, 226 F.3d at 491. Nothing in the record indicates that the settlement agreement was entered into by virtue of excusable neglect, or neglect of any sort. Rather, the record shows that Plaintiff's counsel and Defendants' counsel signed the stipulated entry of dismissal after reaching a settlement in the presence of Judge Manos and his law clerk.[4] That stipulated entry, signed by Judge Manos, unambiguously states that the case is settled and dismissed *with prejudice*.

While Plaintiff may have misunderstood the operation of a dismissal with prejudice, it is

---

[4] Judge Manos participated in the settlement conference telephonically.

4

absurd to think that Plaintiff's counsel did. The stipulation was brief and customary; nothing in the record indicates that counsel failed to read it or understand that the case would be dismissed with prejudice. Indeed, Plaintiff's former counsel concedes he read it, understood it, and approved it. Thus, the Court finds that the approval of the settlement and stipulated dismissal with prejudice was the deliberate decision of counsel and not the result of excusable neglect. It is well-settled within the Sixth Circuit that, "Rule 60 was not intended to relieve counsel of the consequences of *decisions deliberately made*, although subsequent events reveal that such decisions were unwise." FHC Equities, L.L.C. v. MBL Life Assur. Corp., 188 F.3d 678, 687 (6th Cir. 1999) (emphasis added). Moreover, to permit a client to avoid the consequences of the acts or omissions of his freely selected agent "'would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.'" McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc., 298 F.3d 586, 595 (6th Cir. 2002) (quoting Pioneer Inv. Serv., 507 U.S. at 1499)). Accordingly, the Court finds that Plaintiff is not entitled to relief from the judgment on the basis of excusable neglect.

> **(2) The Court Does Not Believe that Plaintiff's Counsel Acted Without Authority.**

Plaintiff next claims that his attorney did not have the authority to dismiss or settle the case. At the heart of this issue is Plaintiff's contention that he did not agree to settle the case for $7,500. Plaintiff asserts that he believes he actually settled the case for $15,000 plus certain non-monetary terms. The Court's clerk, who was present in person during the settlement conference, however, has a clear recollection that Plaintiff told Judge Manos that he would accept, albeit grudgingly, $7,500

5

as settlement for his claims. Indeed, the Court clerk explained that Judge Manos informed the Plaintiff that he would not even seek $7,500 from the Defendants until Plaintiff acceded to it; he recalls that Plaintiff did so and the negotiations continued. Plaintiff's former attorney, Avery Friedman, who was present during the settlement conference, also has represented to the Court that the Plaintiff agreed, in the presence of Judge Manos, to settle the case for $7,500. Counsel for the Defendants, moreover, were told by Judge Manos that the Plaintiff agreed to settle the case for $7,500. Furthermore, during his direct examination, Plaintiff admitted that, during the settlement conference and in Plaintiff's presence, Judge Manos "mentioned" a settlement of $7,500.[5] When the Court asked Plaintiff directly whether he told Judge Manos he would accept $7,500, he said he did not recall, adding that: "[t]here was [sic] a lot of things said in that room that I don't remember exactly." Plaintiff appears to be the only person who cannot remember agreeing to the $7,500 settlement.[6]

The testimony at the hearing revealed additional inconsistencies in Plaintiff's position

---

[5] No party has suggested that the sum of $15,000 was ever mentioned *during* the settlement conference. Plaintiff contends that his former attorney mentioned this amount after signing the stipulated entry of settlement and dismissal. Mr. Friedman asserts that Plaintiff is confused regarding the settlement because, though Plaintiff agreed to a $7,500 figure, Mr. Friedman later explained that because it was to be non-taxable and no attorneys' fees would be taken out of it, that $7,500 figure was actually the equivalent of "something closer to $15,000." Plaintiff's sister's recollection of their post-settlement discussions with Mr. Friedman appears to confirm this description of events. While it was unwise for counsel to attempt to puff-up the result obtained during the settlement conference, that post-hoc description cannot change the terms of the actual settlement. The Court, accordingly, need not reconcile the witnesses' various versions of these after-the-fact discussions because it finds them irrelevant.

[6] Oddly, Plaintiff has a very clear recollection of many other aspects of the settlement conference including: (1) the clerk's presence; (2) that the defendants were not to withhold taxes from the payment to him; (3) that Judge Manos never said anything about $15,000; and (4) that Judge Manos agreed to retain jurisdiction over the settlement.

6

relative to the dismissal with prejudice. Notably, in Plaintiff's brief, he claims that he was surprised to learn that his claims were dismissed with prejudice. Yet, during the hearing, Plaintiff testified that he agreed to accept $15,000 plus certain other non-monetary terms from the Defendants as "settlement" for his claims. Plaintiff could offer no explanation for why he felt the Defendants would pay him *any sum* without requiring him to dismiss his claims against them, or what a "settlement" would mean in the absence of a dismissal. It should be obvious to anyone that a settlement would require some sort of consideration or performance on the part of the Plaintiff – *i.e.* a dismissal of his claims with prejudice.

After examining the record, interviewing court personnel present during the settlement, and considering the testimony provided during the hearing, the Court cannot credit Plaintiff's claims regarding the amount of the settlement or the dismissal with prejudice. There are too many inconsistences in Plaintiff's position, the Court would have to draw too many unreasonable inferences, and the Court would be required to disregard the specific recollections of all counsel and Court personnel who were present. The Court has determined that this is a case of buyer's remorse. "[A] motion under Rule 60(b) cannot be used to avoid the consequences of a party's decision to settle the litigation." Taylor v. Postmaster Gen., 88 Fed. Appx. 917, 919 (6th Cir. 2004) (citing Steinhoff v. Harris, 698 F.2d 270, 275 (6th Cir. 1983)). Accordingly, Plaintiff's claim for relief under Rule 60(b)(1) is denied.

**B.     Fed. R. Civ. P. 60(b)(6)**

Plaintiff argues, in the alternative, that relief is available under Federal Rule of Civil Procedure 60(b)(6) due to the exceptional or extraordinary circumstances present in this case. As an initial matter, the Court notes that Rule 60(b)(6) is a residual clause that allows relief to be

7

granted only in situations that are not covered by the first five subsections of Rule 60(b). See Fuller v. Quire, 916 F.2d 358, 360 (6th Cir. 1990) (noting that the Rules 60(b)(1) and 60(b)(6) are mutually exclusive). "Courts, however, must apply subsection (b)(6) [of Rule 60] only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990) (citations omitted). As discussed above, Plaintiff's asserted grounds for relief are governed by Rule 60(b)(1), thus, by virtue of the rule, relief cannot be granted under Rule 60(b)(6). Id.

To succeed on a Rule 60(b)(6) claim, the moving party must show the existence of "exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989). These circumstances must be "unusual and extreme situations where the principles of equity *mandate* relief." Olle, 910 F.2d at 365 (emphasis in original). Because Rule 60(b)(6) motions require such unique and exceptional circumstances, there are few situations in which they are granted.

Plaintiff argues that the facts here are akin to those in Reno v. Int'l Harvester Co., 115 F.R.D. 6 (S.D. Ohio 1986), where the Southern District of Ohio permitted Rule 60(b)(6) relief on the basis of gross negligence and abandonment by an attorney. In Reno, the court addressed the narrow issue of whether, "an abandonment, which ultimately prejudices a client by causing an unopposed motion for summary judgment to be sustained, may serve as grounds for a client's relief from judgment." Id. at 7. The court in Reno found that the plaintiff's attorney did nothing for the plaintiff after the preliminary pretrial conference. The attorney did not file a list of witnesses, draft a pretrial order, or respond to a summary judgment motion – despite the fact that the court reminded counsel of the

8

motion and counsel promised a response. Id. at 7. The facts here are not analogous. Critically, though Plaintiff argues that one of the reasons his 60(b)(6) motion should be granted is that his former attorneys failed to respond to Defendants' summary judgment motion, Defendants filed the motion for summary judgment on March 24, 2006, such that at the time the parties met to discuss settlement on April 13, 2006, the Plaintiff's deadline to file a response had not yet passed. Plaintiff's attorneys did *not* fail to respond to the summary judgment motion; the need for a response was mooted by the settlement. The record here, moreover, indicates that Plaintiff's attorneys attended scheduled meetings with the judge, had regular contact with Plaintiff, conducted substantial discovery in the case, and engaged in settlement negotiations on behalf of, and with, the Plaintiff. In fact, in his affidavit, Plaintiff states that he was with his attorney on the day of the settlement. There is nothing in the record to indicate that this case involved an abandonment that would rise to the level required for relief under Rule 60(b)(6). Plaintiff's arguments under Rule 60(b)(6) are, therefore, unavailing.

### C. The Parties' Settlement Agreement

Ultimately, the Court finds that the parties entered into a binding settlement agreement, the terms of which are memorialized in the General Release of Claims and Settlement Agreement attached to the May 9, 2006 Letter from Timothy H. Howlett to Avery Friedman (Doc. 34, Ex. 4) with two exceptions: (1) Defendants are not to withhold taxes from the settlement payment and will, instead, simply issue a 1099 referencing a non-wage payment to the plaintiff;[7] and (2) Thistledown agrees not to retaliate against Plaintiff for the bringing of this action and assertion of claims therein.

---

[7] The Court has found that the parties agreed that the settlement amount would represent payments for hedonic damages. The taxability of that payment will be a matter for the Internal Revenue Service.

9

The Court agrees to retain jurisdiction over the settlement agreement.

### III. CONCLUSION

For the foregoing reasons, the Court need not reach the issue of whether Plaintiff has a meritorious claim. Plaintiff has failed to show grounds for relief under Rules 60(b)(1) or 60(b)(6). As such, Plaintiff's Motion for Relief From Judgment (Doc. 25) is **DENIED.** Accordingly, the original stipulated dismissal entry (Doc. 22) remains intact. Payment of the $7,500 settlement figure will be made to Plaintiff within seven (7) days of the date of this order.

**IT IS SO ORDERED.**

                                                      s/Kathleen M. O'Malley  
                                                     **KATHLEEN McDONALD O'MALLEY**  
                                                     **UNITED STATES DISTRICT JUDGE**

**Dated: November 30, 2006**